UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **VINCENT J. COLOMBINI, BILLY McGUIRE, MARTIN L. HEIFNER, ROBERT J. SWISHER, DERRICK S. LINK, JOHN D. GROSS, DEBORAH K. (FORTIER) ROGERS, MICHAEL A. GARMAN, JERRY W. KITTLE, CARISA A. SNYDER, DEBORAH K. SMITH, EPHRAIM N. SHIELDS, and MARSHALL PHILLIPS, JR.,** individually and on behalf of all others similarly situated, <br>     Plaintiffs, <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br>     Defendant. | Case No.: _____ |

### CLASS ACTION COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Vincent J. Colombini ("Colombini"), Billy McGuire ("McGuire"), Martin L. Heifner ("Heifner"), Robert J. Swisher ("Swisher"), Derrick S. Link ("Link"), John D. Gross ("Gross), Deborah K. (Fortier) Rogers ("Rogers"), Michael A. Garman ("Garman"), Jerry W. Kittle ("Kittle"), Carisa S. Snyder ("Snyder"), Deborah K. Smith ("Smith"), Ephraim N. Shields ("Shields"), and Marshall Phillips, Jr. ("Phillips"), by their counsel, Sweeney Law Firm, Bauer Legal LLC, and Geisleman & Brown LLP, and on behalf of themselves individually and all others similarly situated (the "Class," as defined below), bring this action against the Defendant, United States of America, and for their Complaint allege and say as follows:

### NATURE OF THE ACTION

1.  Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals who are veterans of the armed forces of the United States of America and received

1

podiatric care and treatment from Bradley R. Hammersley ("Dr. Hammersley"), a podiatrist employed by the federal government at the Veterans Administration Northern Indiana Health Care System ("VANIHCS") in Fort Wayne, Indiana and Marion, Indiana.  The Plaintiffs claim that employees or agents of the federal government knew of negligent podiatric care and treatment provided by Dr. Hammersley to the Plaintiffs and others between 2009 and 2016 and fraudulently concealed the same from each of the Plaintiffs and other similarly situated veterans, thereby depriving them of their rights and opportunity to present claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671 *et seq.*  Plaintiffs file this action seeking a declaratory judgment on the applicable statute of limitations, certification of a class as described herein, as well as attorney fees and costs on behalf of themselves and the class members as defined within this Complaint.

**PARTIES**

2. Colombini is a citizen of Berne, Indiana.

3. McGuire is a citizen of Kendallville, Indiana.

4. Heifner is a citizen of Grover Hill, Ohio.

5. Swisher is a citizen of Uniondale, Indiana.

6. Link is a citizen of New Haven, Indiana.

7. Gross is a citizen of Fort Wayne, Indiana.

8. Rogers is a citizen of Kokomo, Indiana.

9. Garman is a citizen of Fort Wayne, Indiana.

10. Kittle is a citizen of Huntertown, Indiana.

11. Snyder is a citizen of Fort Wayne, Indiana.

12. Smith is a citizen of Columbia City, Indiana.

13. Shields is a citizen of Fort Wayne, Indiana.

14. Phillips is a citizen of Fort Wayne, Indiana.

15. The Defendant is the United States of America. At all relevant times, the United States acted through its agency, the Department of Veterans Affairs, its subdivision, the Veterans Health Administration, and the employees of those agencies.

16. At all times relevant herein, the Defendant employed a podiatrist, Dr. Hammersley, to provide podiatric medical care and treatment at VANIHCS and at all times relevant herein, Dr. Hammersley was acting within the scope and course of his employment with the Defendants.

## JURISIDCTION AND VENUE

17. This Court has jurisdiction under 28 U.S.C. §1331 and §1346. This Court has further remedial authority under the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202 *et seq*. The United States has waived its sovereign immunity pursuant to 5 U.S.C. §702.

18. Venue is proper within the Northern District of Indiana Fort Wayne Division because the events or omissions giving rise to this action occurred in this District. 28 U.S.C. §1391(e).

19. Each of the plaintiffs has exhausted his or her administrative remedies pursuant to 28 U.S.C. §2675(a).

20. Each of the plaintiffs has received a denial of his administrative tort claim.

21. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been satisfied.

## FACTUAL ALLEGATIONS

22. Each of the Plaintiffs and each Class Member will separately/individually bring suit against the Defendant pursuant to the FTCA, 28 U.S.C. §§ 2671 *et seq.* Liability of the United States is predicated specifically upon 28 U.S.C. §1346(b)(1) and §2674 for personal injuries and

resulting damages that were proximately caused by the negligence, wrongful acts and/or omissions of Dr. Hammersley, who was acting within the scope and course of his employment.

23. In early 2018, each Plaintiff was called to a meeting with the Fort Wayne VA Chief of Staff, Wayne McBride, D.O. ("Dr. McBride"), the Fort Wayne VA Risk Manager, Jana Bakle ("Bakle"), and the succeeding podiatrist, Dr. Holly K. Becker ("Becker").

24. During their respective meetings, each Plaintiff was informed that he or she was the victim of medical malpractice at the hands of Dr. Hammersley.

25. During their respective meetings, each Plaintiff was provided with an Institutional Disclosure of Adverse Event ("Disclosure"). Each named Plaintiff's Disclosure is attached to this Complaint as Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13, respectively. Each Disclosure provides detail about the medical care and treatment rendered by Dr. Hammersley and outlines his specific acts of medical malpractice. Each Disclosure details the specific manner in which each Plaintiff's care and treatment was deficient and informed each Plaintiff that he could pursue a tort claim and/or claim pursuant to 38 U.S.C. §1151.

26. During their respective meetings, each Plaintiff was advised of the claims process under 38 U.S.C. §1151 and the FTCA. Each Plaintiff was also provided with a blank disability claim application form as well as an SF-95 Tort Claims Form.

27. Pursuant to 28 U.S.C. §2675, each Plaintiff filed and served notice of their claims to the Defendant on the required SF-95 Form, with a narrative detailing the care and treatment by Dr. Hammersley attached to each SF-95 Form. The SF-95 Tort Claims form for each Plaintiff (with the exception of Link) is attached to this Complaint as Exhibits 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 respectively.

28. After timely filing of the SF-95 Forms, each Plaintiff received a letter from the VA denying his claim as being time barred because the claim had not been presented within two years of the alleged negligent treatment by Dr. Hammersley. The denial letters for each Plaintiff are attached to this Complaint as Exhibits 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, and 38 respectively.

## CLASS REPRESENTATION ALLEGATIONS

29. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and a similarly situated class of individuals defined as:

All VANIHCS patients who received podiatric care from Dr. Hammersley between 2009 and 2016, received an Institutional Disclosure of Adverse Event from the VANIHCS informing them of Dr. Hammersley's malpractice, and subsequently filed an administrative claim which has since been denied.

## NUMEROSITY

30. The exact number of the members of the class is unknown at this time but consist of at least thirteen (13) known members. Plaintiffs' counsel represents other victims of Dr. Hammersley who have not yet received a denial letter from the VA who are likely to seek court approval to be added as parties to this "Class Action Complaint for Declaratory Judgment".

## COMMONALITY

31. The Plaintiffs' claims raise questions of law and/or fact common to each of the Class Members' claims. Among these questions are:

   a. Whether Defendant's conduct constitutes fraudulent concealment;

   b. Whether Defendant is precluded from raising any statute of limitations as to any administrative claim and/or FTCA claim;

    c.        Whether Plaintiffs and Class Members are entitled to declaratory relief; and

    d.        Whether Plaintiffs and Class Members are entitled to attorneys' fees.

## TYPICALITY

32.    The Plaintiffs' claims are typical of each Class Member's claims. Each Plaintiff and each Class member received podiatric treatment from the same podiatrist, Dr. Hammersley, in Northeast Indiana, and during the same time period: 2009 through 2016.

## ADEQUACY OF REPRESENTATION

33.    The Plaintiffs will fairly and adequately represent and protect the interest of each Class Member. Plaintiffs have an interest in common with the Class Members and are committed to the vigorous prosecution of this action. The Plaintiffs have engaged Sweeney Law, Bauer Legal LLC, and Geisleman & Brown, LLP, all with ample experience in class actions and medical malpractice litigation and with the necessary resources to effectively represent the Plaintiffs and the Class Members' interests.

## COMMON ISSUES PREDOMINATE

34.    Certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law or fact predominate over any question of law or fact affecting only individual Plaintiffs or Class Members, and class representation is superior to other available methods for the fair and efficient adjudication of the fraudulent concealment/statute of limitations issue in this case. There are multiple reasons why a class action is the preferred method or vehicle for litigating the fraudulent concealment/statute of limitations issue in this case, including:

    a.        Each and every one of the thirteen plaintiffs in the above-captioned declaratory judgment action will be filing an individual medical malpractice action against the United States of America in connection with medical care they received from Dr. Hammersley.

b. Each of the plaintiffs in the above-captioned declaratory judgment action contends that the Defendant fraudulently concealed the fact Dr. Hammersley was committing surgical malpractice on a widespread/massive scale.

c. The discovery that will be conducted to prove that the Defendant: (1) had actual or constructive knowledge that Dr. Hammersley was committing surgical malpractice on a widespread/massive scale; and (2) failed to inform Dr. Hammersley's patients, in a timely manner, that they were the victim of medical malpractice, will benefit each plaintiff.

d. It makes no sense to litigate the fraudulent concealment/statute of limitations issue in thirteen separate individual medical malpractice lawsuits.

e. It makes complete sense to consolidate all the discovery and motion practice on the fraudulent concealment/statute of limitations issue into one case. A class action on the fraudulent concealment/statute of limitations issue will promote judicial economy and significantly reduce costs for all parties.

## COUNT I

## FRAUDULENT CONCEALMENT

35. The Plaintiffs re-allege their allegations in paragraphs 1 through 30 of this Complaint as though fully set forth herein.

36. Sometime early 2018, the Defendant, through the VANIHCS was aware of the fact that its employee and agent, Dr. Hammersley, had provided substandard and negligent podiatric care and treatment to each of the Plaintiffs, and other similarly situated individuals, resulting in physical injury and harm to each of them.

37. Despite its knowledge of the negligent acts and/or omissions of Dr. Hammersley, the Defendant, through the VANIHCS actively concealed from the Plaintiffs and others similarly

7

situated information that would have allowed them to timely assert their legal rights under the FTCA.

38. The Defendant, through the VANIHCS, was obligated under its Adverse Event Disclosure Policy, as set forth in VHA Directive 2008-002, to inform each Plaintiff and other similarly situated individuals of the improper medical care and treatment provided by Dr. Hammersley.

39. Information concerning the nature and extent of Dr. Hammersley's medical negligence was within the exclusive control and possession of the Defendant, through VANIHCS and was not available to any of the Plaintiffs or other similarly situated veterans.

40. The Defendant, through the VANIHCS intentionally concealed from the Plaintiffs and Class Members information in its possession concerning Dr. Hammersley's negligent medical care and treatment, including the negligent performance of various surgical procedures.

41. The statute of limitations in the FTCA should not bar any of the Plaintiff's claims, or the claims of any Class Members, because the Defendant's fraudulent concealment, through the VANIHCS, prevented timely filing of SF-95s and all resulting FTCA claims.

42. Any applicable statute of limitations has been tolled by Defendant's fraudulent concealment.  By its conduct, Defendant, through the VANHICS, was able to conceal from Plaintiffs and the Class Members, the truth about Dr. Hammersley's malpractice, thereby tolling the running of the applicable statute of limitations.

43. Plaintiffs and the Class Members could not have reasonably discovered Defendant's wrongful conduct.

44. Defendant is estopped from relying upon any statute of limitations because of its fraudulent concealment.

45.  As a result of Defendant's fraudulent concealment, the applicable statute of limitations governing the Plaintiff's and Class Members' right of action under the FTCA was tolled and did not begin to run until they were apprised of Dr. Hammersley's malpractice by the Defendant, through the VANIHCS, in early 2018, at the earliest.

## COUNT II

## DECLARATORY RELIEF

46.  The Plaintiffs reallege their allegations in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

47.  As set out herein, the Plaintiffs and the Class Members will be irreparably injured in the future as a result of Defendant's misconduct and fraudulent concealment to the extent that the Defendant has denied each administrative tort claim and will presumably deny any and all FTCA claims.

48.  The Plaintiffs, on behalf of themselves and the Class Members, seek a judgment declaring that the Defendant cannot deny any administrative tort claim and/or any FTCA claim on the basis of the statute of limitations as a result of the Defendant's fraudulent concealment as described in this Complaint.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and the Class Members, pray for the following relief against the Defendant, United States of America:

a. For a declaration that the Defendant's actions, as set forth above, constitutes fraudulent concealment;

b. For an order enjoining Defendant from denying any administrative tort claim and/or FTCA claim on the basis of any statute of limitations;

c. For an order certifying this case as a class action on behalf of the Class defined above, appointment of the Plaintiffs as the Class Representatives, and appoint of Sweeney Law Firm, Bauer Legal LLC, and Geisleman & Brown LLP, as Class Counsel;

d. For an award of reasonable costs and attorneys' fees; and

e. For all other relief the Court deems just and proper.

Respectfully submitted,

"/s/" David L. Farnbauch
David L. Farnbauch (#11187-45)
SWEENEY LAW FIRM
8019-B Lima Road
Fort Wayne, IN 46818
(260) 420-3137
Email: dlf@sweeneylawfirm.com

"/s/" Diana C. Bauer
Diana C. Bauer (#11906-64)
BAUER LEGAL LLC
429 E. Dupont Road #175
Fort Wayne, IN 46825
(260) 414-5582
Email: dianabauerlegal@gmail.com

"/s/" Dennis R. Brown
Dennis R. Brown (#20813-49)
GEISLEMAN & BROWN, LLP
919 S. Harrison St., Ste. 100
Fort Wayne, IN 46802
(260) 420-2001
Email: dbrown@geislemanlaw.com