UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| VINCENT J. COLOMBINI, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | Case No. 1:19-CV-13-TLS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

## INTRODUCTION

The named plaintiffs in this class action lawsuit have all filed[1] (or represent that they intend to file) lawsuits against the Defendant United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. In the present class action, they seek a declaration that the United States engaged in "fraudulent concealment" and an order "enjoining Defendant from denying any administrative tort claim and/or FTCA claim on the basis of any statute of limitations." Cmplt. ¶ 48 (Prayer for Relief).

For the reasons explained below, the subject matter of Plaintiffs' complaint and the requested relief are not amenable to a class action lawsuit. The question of when an FTCA claim accrues, and thus when the statute of limitations has run, is fact-driven and focuses on the perspective of each individual plaintiff. There is little if any

---

[1] *Heifner v. United States*, 1:19-CV-21; *McGuire v. United States*; 1:19-CV-22; *Colombini v. United States*, 1:19-CV-24; *Shields v. United States*, 1:19-CV-49; *Swisher v. United States*, 1:19-CV-84; *Gross v. United* States, 1:19-CV-87; see also *Frazier v. United States*, 1:19-CV-19 (similar lawsuit by unnamed plaintiff).

commonality between the Plaintiffs' claims. Regardless, individualized questions and determinations predominate. Consequently, the Court should dismiss the present lawsuit for failure to state a valid class action claim. Any statute of limitations defense should be litigated, as necessary, in the Plaintiffs' pending separate FTCA suits.

## COMPLAINT ALLEGATIONS

Plaintiffs are thirteen veterans who received medical care and treatment in or before 2016 from Bradley Hammersley, a podiatrist employed at the Veterans Administration Northern Indiana Health Care System ("VANIHCS"). Cmplt. ¶ 1. In early 2018, each Plaintiff separately met with VA NIHCS representatives and was provided with an Institutional Disclosure of Adverse Event related to medical care Hammersley provided. Cmplt. ¶ 23, 25. Subsequently, each plaintiff filed an administrative tort claim with the VA. Cmplt. ¶ 27. The VA denied each claim as time barred. Cmplt. ¶ 28. Plaintiffs have all filed, or intend to file, separate FTCA lawsuits against the United States alleging that Dr. Hammersley, acting within the scope of his federal employment, committed medical malpractice. Cmplt. ¶ 22.

Plaintiffs now file this class action complaint on behalf of themselves and all other VA NIHCS patients who received a Disclosure from the VA "and subsequently filed an administrative claim which has since been denied." Cmplt. ¶ 29. They seek a declaratory judgment enjoining the United States from asserting a statute of limitations defense, as well as class certification, appointment of their lawyers as class counsel, and attorneys' fees. Cmplt. ¶ 48.

# **ARGUMENT**

I.   The FTCA Statute of Limitations

Plaintiffs purport to bring this lawsuit under the FTCA.[2] The FTCA provides a limited waiver of sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b)(1). Although FTCA liability is determined "in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b), federal law determines when FTCA claims accrue. *Steele v. United States*, 599 F.2d 823 (7th Cir. 1979); *Stoleson v. United States*, 629 F.2d 1265, 1268 (7th Cir. 1980). State law provisions that might extend the plaintiff's cause of action in state court do not apply to claims governed by the FTCA. *See Arteaga v. United States*, 711 F.3d 828, 830 (7th Cir. 2013); *Goodhand v. United States*, 40 F.3d 209, 213 (7th Cir. 1994) ("limitations doctrines in suits under the Federal Tort Claims Act are matters of federal common law, not state law").

Here, the applicable federal statute of limitations, 28 U.S.C. § 2401(b), bars any tort claim against the United States not presented in writing within two years of

---

[2] Plaintiffs cite two other jurisdictional provisions. The first, 28 U.S.C. § 1331, is the general "federal question" statute, providing this Court with jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." But Plaintiffs identify no relevant substantive federal law other than the FTCA. Plaintiffs also cite the Declaratory Judgment Act, 28 U.S.C. § 2201, but that statute provides no independent basis for jurisdiction and merely permits suit "where federal jurisdiction would exist in a coercive suit brought by the declaratory judgment defendant." *Ameritech Ben. Plan Committee v. Communication Workers of America*, 220 F.3d 814, 818 (7th Cir. 2000). Because Plaintiffs do not explain what coercive federal suit Defendant United States could bring against them, the Declaratory Judgment Act does not provide jurisdiction.

accrual. A cause of action accrues under the FTCA when the plaintiff knows or has reason to know of (a) the alleged injury and (b) its likely cause, even if the plaintiff is not aware "that his injury was negligently inflicted." *United States v. Kubrick*, 444 U.S. 111, 123 (1979); see also *Watkins v. United States*, 854 F.3d 947, 949 (7th Cir. 2017); *Arroyo v. United States*, 656 F.3d 663 (7th Cir. 2011). Once a plaintiff is aware of both the injury and its likely cause, he or she can reasonably be expected to make "inquiry among doctors with average training and experience" to see if he has "a good cause of action." *Kubrick*, 444 U.S. at 122. In other words, a claim accrues whenever a reasonable person "reacting to any suspicious circumstances of which he or she might have been aware, would have discovered that an act or omission attributable to the government could have caused his or her injury." *Arroyo*, 656 F.3d at 669. The burden is on the plaintiff "to show that she had no reason to believe that she had been injured by an act or omission by the government." *United States v. Drazan*, 762 F.2d 56, 60 (7th Cir. 1985).

The statute of limitations that runs on an accrued FTCA claim may be equitably tolled, but only in rare or extraordinary circumstances where the plaintiff diligently sought to learn the truth and pursue suit, but some extraordinary circumstance prevented filing the complaint. *Blanche v. United States*, 811 F.3d 953, 962 (7th Cir. 2016). One such circumstance may be fraudulent concealment, which occurs if the plaintiff proves that the defendant "took improper steps to delay the filing of the suit beyond the statutory deadline." *Arteaga*, 711 F.3d at 833. Fraudulent concealment consists of active lulling efforts "to discourage the victim from suing or

from instigating investigations that might lead to suit." *Goodhand*, 40 F.3d at 213. A defendant's failure to disclose that its actions "contributed to the [plaintiff's] injuries" might support a plaintiff's argument that the claim has not accrued (if a reasonable person would have been unaware of the likely cause), but it would not provide grounds for equitable tolling. *See Arroyo*, 656 F.3d at 679 (Posner, J., concurring).

II.   <u>Class Action Certification Law</u>

"The purpose of class action litigation is to avoid repeated litigation of the same issue and to facilitate prosecution of claims that any one individual might not otherwise bring on her own." *Chicago Teachers Union, Local No. 1 v. Board of Educ. of City of Chicago*, 797 F.3d 426, 433 (7th Cir. 2015). Neither requirement is met here. The named plaintiffs and others are already bringing separate lawsuits to prosecute their claims. And because the question of when a claim accrues focuses on the knowledge each plaintiff had or reasonably should have had, the statute of limitations issues will differ in each individual case.

"A district court may certify a case for class-action treatment only if it satisfies the four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation—and one of the conditions of Rule 23(b)." *Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481, 493 (7th Cir. 2012); see also *Amgen, Inc. v. Connecticut Retirement Plans & Trust Funds*, 568 U.S. 455, 460 (2013). The burden is on the plaintiffs to identify the common factual or legal questions. *Jamie S.*, 668 F.3d at 497-498; *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513

(7th Cir. 2006). Certification is proper only if the district court so concludes after "rigorous analysis." *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982).

The Supreme Court, in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), significantly raised the bar for Plaintiffs to prove commonality under Rule 23(a)(2). *Wal-Mart* held that commonality requires a common merits question that will "resolve an issue that is central to the validity of each one of the [class members'] claims in one stroke." *Id.* at 350. Commonality generally requires class members to show they have all suffered the same injury. *Id.* at 349-350. Class treatment is inappropriate when the class relief plaintiffs seek "would merely initiate a process through which highly individualized determinations of liability and remedy are made." *Jamie S.*, 668 F.3d at 499. Finally, even if commonality is present, a Rule 23(b)(3)[3] class action may go forward only if common questions "predominate over any questions affecting only individual members." Predominance is not satisfied if "individual questions … overwhelm questions common to the class." *Amgen*, 568 U.S. at 468.

III.   <u>This Case Cannot Proceed As a Class Action</u>

a.   <u>The Plaintiffs' Claims Lack Commonality.</u>

In light of the above principles, the Court should dismiss Plaintiffs' class action complaint because Plaintiffs have not alleged a common issue central to the validity

---

[3] This Court's Local Rule 23-1(b) requires the Plaintiff to include in the complaint "a reference to each part of Fed. R. Civ. P. 23 that the party relies on in seeking to maintain the case as a class action." Because Rule 23(b)(3) is the only part of Rule 23 referenced in the Complaint, the United States addresses only that provision.

6

of their claims. The question of when any given Plaintiff's claim accrued will depend on when that Plaintiff either (a) knew of his or her injury and its cause or (b) knew facts from which a reasonable person would have discovered that the government could have caused the injury. *Kubrick*, 444 U.S. at 118-122; *Arroyo*, 656 F.3d at 669. Both questions are individualized and plaintiff-focused.

As a general matter, courts will find that a patient knows the cause of an injury if another doctor or an attorney informs the patient that a specific medical treatment or procedure likely caused it. See, *e.g., Arteaga*, 711 F.3d at 830-831 (claim accrued when plaintiff obtained medical records and consulted with an attorney); *Kubrick*, 444 U.S. at 114 (claim accrued when doctor told Plaintiff that VA treatment likely caused his hearing loss). Some of the Plaintiffs consulted with other doctors or had additional surgeries after the procedures they claim Dr. Hammersley performed negligently. See Cmplt. Ex. 5, at 2 ("Veteran was seen by Non-VA podiatry and had the correct surgery performed."); Ex. 19, at 3 (Veteran "followed-up with a non-VA provider"); Ex. 21, at 5 (Veteran alleges his wife "overheard Dr. Hammersly's supervisor telling him to put a cast on this time," but no cast was used; patient also consulted with and received surgery from non-VA doctor at Fort Wayne Lutheran).

Courts will also find a claim accrued when the unique facts of a surgery or medical procedure gave the patient "enough information…to reasonably inquire into whether [the doctor] caused the injury." *Blanche*, 811 F.3d at 959; *see also Goodhand*, 40 F.3d at 213-214. Some of the Plaintiffs report marked changes in condition after their surgeries. See, *e.g.*, Cmplt. Ex. 14 (Plaintiff housebound for four months after

surgery); Ex. 18 (Plaintiff allegedly suffered staph infection as a result of surgery and was confined to a chair at home for months).

The above factors might well lead a trier of fact to conclude that some or all of the Plaintiffs knew enough for the claim to accrue, regardless of what facts Defendants disclosed or failed to disclose. To be sure, any facts Dr. Hammersley or other VA employees disclosed or failed to disclose may be relevant to determining the exact accrual date. But that relevance will vary claim by claim and will ultimately be just one factor for the trier of fact to consider in deciding whether each individual Plaintiff's claim was timely brought. Neither the highly individualized statute of limitations determination nor any other common issue can be resolved "in one stroke" through a class action. *Wal-Mart*, 564 U.S. at 350. If certain Plaintiffs reasonably did not know enough to sue earlier, their claims will be timely. On the other hand, if Plaintiffs already knew enough to file suit, it is hard to see how any disclosure or concealment by the VA would constitute the sort of "extraordinary circumstance" that would toll the statute of limitations. Allegations of fraud, including allegations of fraudulent concealment, must be pled with particularity under Federal Rule of Criminal Procedure 9. *Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*, 897 F.3d 797, 805 (7th Cir. 2018). Here Plaintiffs have not pled any specific extraordinary fraudulent actions of or statements by the VA that would have deceived or lulled them into foregoing an accrued claim.

For all these reasons, there is insufficient commonality for Rule 23 purposes to justify a class action.

b.  <u>Individual Fact Questions Predominate Over Any Common Issue.</u>

Even if this Court thought commonality existed, there is insufficient predominance to justify a Rule 23(b)(3) class action. At best, the resolution of Plaintiffs' arguments would eliminate a single affirmative defense. The Court would still need to determine, in each separate case, whether or not Dr. Hammersley was negligent, whether that negligence proximately caused any of Plaintiffs' claimed injuries, and what damages resulted. A district court may not impose class injunctive relief that does not provide a "final remedy" and will instead "merely lay an evidentiary foundation for subsequent determinations of liability." *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 893 (7th Cir. 2011). But such an evidentiary foundation is exactly what Plaintiffs seek here. Their class action suit does not request a true "final remedy." Instead, they seek an injunction that they hope to wield in separate lawsuits that many of them have already filed. Because resolving the issue in Plaintiffs' favor in this suit "would merely initiate a process through which highly individualized determinations of liability and remedy are made," see *Jamie S.*, 668 F.3d at 499, class treatment is inappropriate.

The United States recognizes that the Plaintiffs' multiple lawsuits alleging negligence by the same doctor may result in similar or overlapping discovery requests. The United States is happy to work with Plaintiffs' counsel and the Court to ensure efficient discovery and case management. Nevertheless, the statute of limitations question will in each case be individualized and fact-specific. It must therefore be resolved, along with all other merits-based issues and defenses, in each

individual lawsuit. The Plaintiffs' complaint fails to state a valid class claim and should therefore be dismissed.

## **CONCLUSION**

For all these reasons, the Court should dismiss the class action complaint.

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

BY:   /s/David E. Hollar
David E. Hollar
Assistant United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana  46320
Tel:   (219) 937-5500
Fax:   (219) 852-2770
E-mail:  David.Hollar@usdoj.gov